


# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FARUQ WASHINGTON<br>200 MOORE STREET<br>APT. 2<br>DARBY, PA 19023<br>    PLAINTIFF,<br>V.<br><br>ROSCOE BROWN<br>SEPTA<br>1234 MARKET STREET<br>PHILADELPHIA, PA 19107<br><br>    AND<br><br>SEPTA<br>1234 MARKET STREET<br>PHILADELPHIA, PA 19107<br><br>    AND<br><br>CURRENTLY UNKNOWN AND<br>UNNAMED SEPTA POLICE OFFICERS<br>1234 MARKET STREET<br>PHILADELPHIA, PA 19107<br><br>    AND<br><br>THE CITY OF PHILADELPHIA<br>C/O CITY OF PHILADELPHIA LAW<br>DEPARTMENT<br>1515 ARCH STREET, 14TH FLOOR | CIVIL ACTION NO.  16  2955<br><br>JURY TRIAL DEMANDED |

| | |
|---|---|
| PHILADLEPHIA, PA 19102 | : |
| | : |
| AND | : |
| | : |
| CURRENTLY UNKNOWN AND | : |
| UNNAMED CITY OF PHILADELPHIA | : |
| POLICE OFFICERS | : |
| C/O CITY OF PHILADELPHIA LAW | : |
| DEPARTMENT | : |
| 1515 ARCH STREET, 14TH FLOOR | : |
| PHILADELPHIA, PA 19102 | : |
| DEFENDANTS. | : |

## COMPLAINT

## JURISDCTION

1. This action is brought pursuant to 42 U.S.C. S 1983 and the 4th, and 14th Amendments of the United States Constitution. Jurisdiction is based on 28 U.S.C. S 1331 and 1343 (1) (2) (3) (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and adjudicate state law claims pursuant to 28 U.S.C. S 1367 (a) to hear and adjudicate state law claims.

## PARTIES

2. Plaintiff Faruq Washington is an adult citizen of the Commonwealth of Pennsylvania, and he has an address that is indicated in the caption above;

2

he was present in Philadelphia, at all times relevant to this action.

3. Defendant, Roscoe Brown, is an employee of defendant SEPTA, and has an address as indicated in the caption above; defendant Brown was acting as an employee for SEPTA at all times relevant to this action, and was acting under color of state law, and he is being sued in his respective official and individual capacities.

4. Defendant SEPTA is a metropolitan transportation authority, duly organized and existing under and by the law of the Commonwealth of Pennsylvania and is a corporation common carrier engaged in the business of public transportation for hire, which has its own police force, and has a principal place of business as indicated in the caption above.

5. Defendants, the currently unknown and unnamed SEPTA police officers are SEPTA employees and have an address as indicated in the caption above; at all times relevant to this action, they were acting under color of state law, and they are being sued in their respective official and individual capacities.

6. Defendant, the City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and it owns, operates, manages, directs and controls the Philadelphia Police Department, which employs the defendant police

3

officers, and it has an address as indicated in the caption above.

7. Defendants, the currently unknown and unnamed City of Philadelphia police officers are employees of the City of Philadelphia and its police department, and they have an address as indicated in the caption above; they were acting under color of state law at all times relevant to this action, and they are being sued in their respective official and individual capacities.

### FACTUAL ALLEGATIONS

8. Plaintiff incorporates paragraphs 1-7 above, as though fully set forth herein.

9. Plaintiff is legally blind, and has a history of suffering from post-traumatic stress disorder after he was subjected to false arrest and excessive force in/around 2007, when he was a teenager, when he was tackled by a group of Philadelphia Police officers and was tasered in his neck, causing him to lose consciousness, when police responded to the vicinity of his mother, who was having a domestic disturbance with her neighbor.

10. On August 12, 2015, plaintiff was traveling in Philadelphia via SEPTA and he boarded the #21 bus at/around 22nd Street and Chestnut Street, in Philadelphia.

11. At the time that he boarded the bus, plaintiff had his cane in one hand and a bag of groceries in the other; plaintiff also had on dark sun glasses, which he wears routinely.

12. Plaintiff politely told defendant Roscoe Brown (Brown), the bus driver, that he was blind and that he needed to travel to 69th and Market Street in Philadelphia (plaintiff was in route to a church at 69th and Woodland Avenue, to attend Bible Study).

13. Plaintiff heard someone who he believed to be defendant Brown, based on his location to plaintiff and his voice, say something to the effect that plaintiff "was not blind, see how he moves", talking to other passengers on the bus.

14. Plaintiff responded that he was blind, and he sat down near the front of the bus, which was crowded.

15. Plaintiff repeated to Brown where he needed to go and then he also asked someone else to let him know when he got to this stop, because defendant Brown was not responding to his request.

16. Defendant Brown stated to plaintiff that he was not to ask "his" passengers for assistance.

5

17. Defendant Brown's conduct alarmed plaintiff and scared him, and he feared that he would be left stranded somewhere where he did not know where he was, so he requested to get off of the bus immediately.

18. Defendant Brown refused to stop the bus and let plaintiff off, and said something to the effect that he could not handle plaintiff.

19. Plaintiff got up for the purpose of getting off the bus, and had to touch the window to feel his way toward the bus exit, upon information and belief, the bus was moving and plaintiff was being tossed about as he tried to make his way to the front exit of the bus.

20. Passengers on the bus became alarmed at how defendant Brown was treating plaintiff and they told him that he is blind, and told him to let him off the bus.

21. At no time did plaintiff plan to damage the bus, in his attempt to get off the bus.

22. Upon information and belief, defendant Brown finally stopped the bus at/around 23rd and Market Streets, and then he called members of the SEPTA police officers and/or City of Philadelphia police department, for the purpose of having plaintiff arrested.

23. Defendant Brown knew that plaintiff had not committed any crime, and that any damage to the bus, was done accidentally, and out of plaintiff's fear and desperation to get off of the bus; he also knew that plaintiff had not intended to cause any type of disruption of the SEPTA bus route or to inconvenience other passengers; He reasonably knew that plaintiff may have become somewhat hysterical from his taunting, and refusal to let him depart.

24. Upon approaching plaintiff, who was walking, the currently unknown and unnamed SEPTA police officers (or City of Philadelphia Police Officers) told him to put his hands up and then forcefully searched him, grabbed his arms and hands and handcuffed him; thereafter, they pushed him up against a wall and made him sit with his head angled towards the ground;

25. The police officers' acts of grabbing, manipulating and twisting plaintiffs' arms caused him extreme pain, and was not necessary, because plaintiff was in no way resisting arrest; plaintiff was having a hard time going down to the ground and told the officers so, to which one of them made a remark that plaintiff perceived threatening if he did not immediately comply.

26. One of the police officers stated words to the effect that plaintiff was not

blind, and "to hell with him".

27. Plaintiff had previously been stopped several times in public by Philadelphia Police Officers who detained him on the premise that they did not believe that he was blind.

28. Plaintiff was taken to a precinct and placed in a jail cell.

29. Police officers threw out his food, confiscated his cell phone and broke his sun glasses (plaintiff is not currently certain whether the officers who initially arrested him threw his things out or whether officers at the precinct did so).

30. Plaintiff informed police officers at the precinct that due to kidney disease or impairment, that he was on a special herbal diet, however, no accommodation was made and plaintiff could not eat the food he was served (some type of sandwiches); as result of the police officers' denials', plaintiff did not eat from the time he was incarcerated on August 12, 2015, until he was released on August 13, 2015 in the afternoon.

31. Initially, plaintiff was charged with misdemeanors, including criminal mischief and disorderly conduct (creating a hazardous and physically offensive condition by an act that serves no legitimate purpose of the

8

actor), however, prior to his first court appearance, the Philadelphia District Attorney, based on information from defendant Brown and/or SEPTA, increased the charges to a felony count criminal mischief, which carried a possible prison sentence of 7 years of incarceration and a $15,000.00 fine.

32. Plaintiff was under legal process from around August 13, 2015 when he was arraigned and released, until his preliminary hearing on November 4, 2015, at which time after a preliminary hearing, all charges against plaintiff were dismissed by the Court.

33. At the preliminary hearing, defendant Brown testified under oath that he did not believe that plaintiff had intended to damage the bus – intent is a required element for both criminal mischief and disorderly conduct.

34. Both Defendant Brown and either or both the SEPTA or City of Philadelphia police officers, knew on August 12, 2015, at the scene of plaintiff's arrest that he had not intended to damage the bus and that he had not been disorderly (and they knew that he had he intended to disrupt SEPTA operations).

35. The defendant police officers refused to do even the most superficial investigation to find out what had occurred before intentionally

manhandling plaintiff, arresting him, and starting the process toward his prosecution.

36. The defendant police officers had at their immediate disposal, numerous SEPTA passengers, who were protesting plaintiff's arrest, attempting to explain that he was scared, based on how defendant Brown was treating him and in an apparent panic, he insisted on getting off the bus; the witnesses would have proved that plaintiff committed no crime.

37. As result of his treatment on the bus, his arrest, his subjection to excessive force, his incarceration and subsequent prosecution, plaintiff suffered extreme physical pain and severe emotional distress, including exacerbation of his post- traumatic stress disorder.

38. Plaintiff suffered financial loss, when police officers threw out or confiscated his items and broke his sunglasses.

FIRST CAUSE OF ACTION – MALICIOUS PROSECUTION AS TO ALL DEFENDANTS

39. Plaintiff incorporates paragraphs 1-38 above as though fully set forth herein.

40. As a direct and proximate cause of all defendants' actions, plaintiff was subjected to criminal prosecution without probable cause, which was

known by all defendants, for the charges stated above – such prosecution violated his due process rights to be free from malicious prosecution under the 14th Amendment.

41. Defendant Brown admitted that he knew that plaintiff had not intended to commit a crime, however he falsely told the police the opposite; his actions were taken for the purpose of harming plaintiff out of malice because plaintiff rebuked his authority to keep him on the bus against his will, and other illegitimate reasons.

42. The defendant police officers acted with reckless disregard for the truth upon their arrival, even though SEPTA passengers were telling them that plaintiff had not done anything wrong at that any damage to the bus was an accident, based on his desperation to get off the bus because defendant Brown was harassing him, and he became fearful.

43. The City of Philadelphia and/or SEPTA have an ongoing practice, police and/or custom of maliciously prosecuting citizens with the knowledge that such citizens probably have not committed any crime, with the hope and/or belief that if charges are lodged persons they stereotype as potential

11

criminals, will be found guilty.

44. Upon information and belief, the police officers who arrested plaintiff have not been properly trained on how to determine whether probable cause exists, have not been trained on how to conduct proper investigations prior to arresting citizens, and have disciplinary records for failing to properly investigate alleged crime scenes; all failures by defendants SEPTA and/or the City of Philadelphia proximately caused plaintiff's arrest and malicious prosecution.

45. All charges against plaintiff were dismissed at his preliminary hearing.

46. As a result of his malicious prosecution, plaintiff suffered severe emotional distress.

WHEREFORE, plaintiff respectfully requests judgment in his favor, jointly and severally against all defendants, and requests the following relief:

    a. Compensatory damages;

    b. Punitive damages, as allowable by law;

    c. Reasonable Attorney's Fees and Costs;

    d. Any Other Relief the Court Deems Appropriate.

## COUNT TWO- FALSE ARREST AS TO DEFENDANTS THE CURRENTLYUNNKOWN AND UNNAMED SEPTA AND/OR CITY OF PHILADEPHIA POLICE OFFICERS AND SEPTA AND THE CITY OF PHILADEPHIA

47. Plaintiff incorporates paragraphs 1-46 above as though fully set forth herein.

48. All of the police officers involved in arresting plaintiff, both from SEPTA and the City of Philadelphia, knew that they lacked probable cause to arrest him including that he officers ignored witnesses telling them that plaintiff had not done anything wrong, violating is right to be free from arrest and prosecution without probable cause.

49. Both SEPTA and the City of Philadelphia have practices and customs of not properly training their respective police officers what evidence establishes probable cause, including failing them to access all readily available facts at an alleged crime scene, including interviewing all available witnesses, before making an arrest, when there is no urgency to make an arrest without investigation, which was the case for plaintiff's arrest.

50. Both SEPTA and the City of Philadelphia have a practice and/or custom of not properly disciplining their respective police officers, including those

officers involved in arresting plaintiff, for past false arrests and other violations of citizens' rights, which failures were the proximate cause of plaintiff's arrest on August 12, 2015.

51. As a result of plaintiff's arrest, his right to be free from unlawful seizure under the 14th Amendment was violated.

52. Plaintiff suffered severe emotional distress and economic loss from his false arrest.

WHEREFORE, plaintiff requests judgment in his favor against the above named defendants, jointly and severally and requests the following relief.

   a. Compensatory Damages;

   b. Punitive Damages as Allowable by Law;

   c. Reasonable Attorney's Fees and Costs;

   d. Any Other Relief the Court Deems Appropriate.

COUNT THREE – EXCESSIVE FORCE AS TO DEFENDANTS, SEPTA, THE CITY OF PHILADEPHIA AND THE CURRENTLY UNKKNOWN AND UNNAMED SEPTA AND/OR CITY OF PHILADELPHIA POLICE OFFICERS

53. Plaintiff incorporates paragraphs 1-52 above as though fully set forth herein.

54. The police officers who physically arrested plaintiff were unreasonably forceful with him, and intentionally used unnecessary force to arrest him, including forcefully grabbing and manipulating his arms, pushing him to the ground, forcefully pushing him up against a wall; no significant force was needed, as plaintiff was not resisting and he is physically incapacitated by blindness, which the arresting officers knew.

55. As a result of the defendant police officers conduct, plaintiff suffered extreme pain and severe emotional distress.

56. Defendants SEPTA and the City of Philadelphia have a practice and/or custom, of not disciplining its police officers who commit excessive force, including not disciplining the officers who arrested plaintiff, after they'd had prior incidents of excessive force.

WHEEFORE, plaintiff requests judgment in his favor and against defendants, jointly and severally and requests the following relief:

   a. Compensatory Damages;

   b. Punitive Damages;

   c. Reasonable Attorney's Fees and Costs;

   d. Any Other Relief the Court Deems Appropriate.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS, THE CURRENTLY UNKNOWN AND UNNAMED CITY OF PHILADLEPHIA POLICE OFFICERS

57. Plaintiff incorporates paragraphs 1-56 above as though fully set forth herein.

58. While plaintiff was at the City of Philadelphia police district, believed to be the 18th District, he was denied food, in violation of his right to be free from cruel and inhuman treatment under the 14th Amendment and 42 U.S.C. S 1983.

59. Plaintiff clearly explained to the defendant police officers that for health reasons, related to kidney function, he could not eat what was being served and plaintiff's food which he had at his arrest, should have been served to him, or some other food he could eat; essentially plaintiff was intentionally forced to starve for approximately 17-18 hours.

60. As a result of defendants' conduct, plaintiff suffered physical pain from starving and suffered emotional distress.

WHEREFORE, plaintiff requests judgment in his favor and against defendants, jointly and severally and requests the following relief:

   a. Compensatory Damages;

    b. Punitive Damages;

    c. Reasonable Attorney's Fees and Costs;

    d. Any Other Relief the Court Deems Appropriate.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS THE CURRENTLY UNKNOWN AND UNNAMED CITY OF PHILADEPHIA POLICE OFFICERS FOR ASSAULT AND BATTERY AND FALSE LIGHT PRIVACY

61. Plaintiff incorporates paragraphs 1-60 above as though fully set forth herein.

62. The defendant police officers who physically arrested plaintiff assaulted him and battered him.

63. The defendant police officers who physically arrested plaintiffs did so in the presence of a relatively large number of persons, including bus passengers and pedestrians, all of whom reasonably perceived that plaintiff had committed some serious crime, by the way the police were handling him, when in fact the police knew that he had not done anything wrong; defendants conduct violated plaintiff's right to be free from false light privacy, including being falsely depicted as a criminal to the general public.

64. As a result of defendants' conduct, plaintiff suffered extreme pain and

suffered severe emotional distress and humiliation.

WHEREFORE, plaintiff respectfully requests judgment in his favor and against defendants, jointly and severally and requests the following relief.

a. Compensatory Damages;

b. Punitive Damages.

Respectfully submitted,

*Reginald Allen*
Reginald Allen, Esquire